## John B. Whitney et al., Defendants in Error, v. Caroline Bullock et al., Plaintiffs in Error.

### Gen. No. 14,222.

1. CONTRACTS—*what incompetent to aid construction of.* It is incompetent to show by the parol evidence of one of the parties to the contract the purpose of providing for the payment thereunder of certain installments of money.

2. CONTRACTS—*what incompetent to aid construction of.* The statement of an attorney who drafted an instrument made at the time of its execution as to the effect thereof, is incompetent to aid in the construction thereof.

3. CONTRACTS—*how obligations imposed by determined.* The obligations imposed by a contract are those created by the instrument and that instrument affords the only evidence of its terms and conditions.

4. CONTRACTS—*what not, of indemnity.* A release by the prospective heirs of one to whom money is to be paid given to those who have undertaken to pay such money, such a release only to be operative in the event of the death of the ancestor to whom such money was to be paid, is not an agreement for indemnity against the enforcement of such obligation of payment by the personal representatives of such ancestor.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. THOMAS B. LANTRY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed. Opinion filed December 18, 1908.

MASON & WYMAN, for plaintiffs in error.

ADAMS & FROEHLICH, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This writ of error brings before us for review the record of a judgment for $907.70 recovered by defendants in error against plaintiffs in error in the Municipal Court of Chicago in a cause tried by the court without a jury.

Milo S. Bullock was the husband of the defendant Caroline Bullock and the father of the defendant Blanche B. Cone. He and the plaintiffs were partners

in business. In February 1906 they entered into the following agreement:

"Whereas each of the members of the co-partnership of Whitney, Christenson & Bullock, of Chicago, Illinois, doing business as clothing manufacturers in the City of Chicago, Illinois, and consisting of John B. Whitney, August Christenson and Milo S. Bullock, all residents of Chicago, Illinois, desires to dissolve the co-partnership heretofore formed and now existing by mutual consent.

And whereas the said John B. Whitney and August Christenson desire to acquire the entire interest of the said Milo S. Bullock and assume all existing liabilities of the said co-partnership:

And whereas the said Milo S. Bullock desires to dispose of his entire one-third interest in the said co-partnership and business now existing for cash and retire from the said co-partnership, on condition that all the present existing liabilities of the said co-partnership of every kind, character and nature be assumed and paid by the said John B. Whitney and August Christenson, their heirs, executors, administrators and assigns, when due and payable:

Now therefore, this agreement witnesseth: that John B. Whitney and August Christenson have in hand paid Milo S. Bullock the sum of six thousand ($6,000.00) dollars, in cash, and covenant and agree to pay the further sum of one thousand ($1,000) dollars, in equal monthly installments consecutively of one hundred and twenty-five ($125.00) dollars cash each and every month beginning March 1st, 1906, to and including October 1st, 1906, until said sum of one thousand ($1,000) dollars has been fully paid to the said Milo S. Bullock, the total sums aforesaid of seven thousand ($7,000) dollars shall be in full of his entire one-third interest in the said co-partnership and business, including all capital contributed, all profits, if any have accrued during the continuance of the said co-partnership and business to the date hereof.

The said Milo S. Bullock hereby acknowledges the receipt of six thousand ($6,000) dollars in cash and does hereby grant, bargain, sell and convey to the said John

B. Whitney and August Christenson, their and each of their heirs, executors, administrators and assigns, forever, his entire one-third interest in the said co-partnership of Whitney, Christenson & Bullock, of Chicago, Illinois, to have and to hold all and singular the said grantor's entire title, right and interest in the assets of the said co-partnership, without any manner of account whatever, and the said John B. Whitney and August Christenson their and each of their heirs, executors, administrators and assigns, hereby assume and agree to pay in full all of the debts, bills, notes or liabilities of the said co-partnership of every kind and character, and all notes, bills for merchandise, or otherwise, wages or material, or other demands of every kind and character now existing against the said co-partnership or individuals thereof, to which said Milo S. Bullock may be in any way liable in law or equity by reason of said co-partnership.

In witness whereof we have hereunto set out hands and seals this 20th day of February, 1906.

> JOHN B. WHITNEY [SEAL.]
> AUG. CHRISTENSON [SEAL.]
> & MILO S. BULLOCK. [SEAL.]

Signed, sealed and delivered in the presence of
W. W. WADE
BLANCHE BULLOCK CONE.''

After this agreement was executed, but on the same day, the defendants, without the knowledge of Milo S. Bullock executed and delivered to the plaintiffs the following instrument:

''We, the undersigned, natural and only heirs of Milo S. Bullock, of Chicago, Illinois, do hereby agree as follows:

That should the said Milo S. Bullock depart this life before October 1st, 1906, the period named and provided for the payment of eight certain monthly installments of one hundred and twenty-five ($125,00) dollars each in a certain agreement of dissolution of even date herewith of the co-partnership of Whitney, Christenson & Bullock, by mutual consent, which said co-partnership is this day dissolved.

In consideration of one ($1.00) dollar and other valu-

able consideration, we hereby agree to release and discharge John B. Whitney and August Christenson, both of the City of Chicago, from any further payments of the said installments upon the demise and decease of the said Milo S. Bullock, should it occur as aforesaid before October 1st, 1906.

Witness our hands and seals this 2nd day of February, 1906.

MRS. CAROLINE BULLOCK,    [SEAL.]
BLANCHE BULLOCK CONE.    [SEAL.]

Signed, sealed and delivered in the presence of
GEO. J. KUEBLER.''

Milo S. Bullock was then ill and died March 7, 1906, intestate. His administrator recovered a judgment against plaintiffs in the Superior Court December 10, 1906, for $893.70, for the installments falling due under said agreement after March 1, 1906, and interest thereon. This judgment the plaintiffs in this action paid at once to the plaintiffs in the judgment and the judgment was satisfied. The recovery in this case was for the amount so paid by the plaintiffs in satisfaction of said judgment and interest thereon. The cause of action, as set out in plaintiffs' statement of their demand, was for a breach of the instrument signed by the defendants, and the theory of the plaintiffs was, that said instrument was an agreement to indemnify plaintiffs against any installments falling due after the death of Milo S. Bullock, under the agreement between plaintiffs and Bullock, which they might be compelled to pay to his administrator. Both of said instruments were drawn by George J. Kuebler, an attorney who represented Bullock, and plaintiffs had no lawyer.

Plaintiff Whitney testified, over the objection of defendants, that he estimated the value of Bullock's interest in the co-partnership at $6,000, and that the intention of the parties in ''having said additional $1000, payable in installments, put in the agreement, was to assure to Milo S. Bullock an income of $125 per month for eight months or so long as he should live''. This testimony was clearly incompetent, and in construing

the instrument sued on, will be disregarded. Whitney also testified, over the objection of the defendants, that after said instruments were drafted but before they were executed, "Kuebler informed said Whitney that the effect of the same would be that said Whitney and Christenson would not have to pay any installments on said Exhibit 'A' which would become due after the death of Milo S. Bullock". Exhibit "A" is the instrument executed by the defendants. The instrument signed by plaintiffs and Bullock is Exhibit "B". It is that agreement and not Exhibit "A" that obligated plaintiffs to pay certain installments to Milo S. Bullock. But if by any construction it can be held that Kuebler's declaration referred to the installments falling due under Exhibit "B", the evidence was incompetent and will also be disregarded.

Said Whitney also testified on behalf of plaintiffs, over objection of defendants, "that the reason (as understood between himself and Kuebler, before the execution of said instrument), that the provision to release said Whitney and Christenson from further payments upon the death of the said Milo S. Bullock, was not incorporated in said agreement, 'Exhibit B', was owing to the critical illness of the said Bullock, and the desire of both the said Whitney and the said Kuebler to save said Bullock unnecessary worry over the transaction".

This evidence was also incompetent and will be disregarded.

The obligations of defendants to plaintiffs are those created by the instrument they executed, and that instrument affords the only evidence of its terms and conditions. Osgood v. Skinner, 211 Ill. 229.

By the terms of that instrument defendants, "agreed to release and discharge (plaintiffs) from any further payments of the installments (mentioned in the contract between plaintiffs and Milo S. Bullock) upon the demise of the said Milo S. Bullock should it occur as aforesaid before October 1st, 1906".

We know of no rule of construction under which this instrument can be held to be a covenant to indemnify the plaintiffs in case they should be compelled to pay to the personal representatives of Milo S. Bullock installments falling due after the death of Bullock, under the contract between him and the plaintiffs. No doubt as a release the instrument was inoperative for a release, "supposeth a right in being", and defendants had no "right in being", in the contract between plaintiffs and Milo S. Bullock. But it does not follow that because the instrument is inoperative as a release, that it can be held to be a contract to indemnify plaintiffs in case they should be compelled to pay installments falling due after the death of Milo S. Bullock. To so hold would be to give a construction to the instrument not warranted by its language.

In our opinion, the evidence discloses no right of action in the plaintiffs against the defendants on said instrument, and the judgment will therefore be reversed with a finding of facts, and the cause will not be remanded.

*Reversed.*